UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert Pressley Wilson,<br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Progress Energy Service Co. LLC,<br>　　　　　　　　　　Defendant.<br>_____ | ) **C/A No**. 4:05-3597-TLW-TER<br>)<br>)<br>)<br>)  Report and Recommendation<br>)<br>)<br>)<br>) |

　　　　This is a civil action filed *pro se.* Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case.[1] The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review.  *See* 28 U.S.C. § 1915(e)(2)(B); In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

　　　　In the Complaint filed in this case, Plaintiff claims that he was discharged from his long-term employment with Defendant as the result of his failure of an employer-required random drug test.  According to Plaintiff's allegations, his failure was the result of his taking some of his wife's prescription cough medicine on the day of the test and of his taking a different prescription drug for a degenerating joint condition.  Although Plaintiff believes that he should not have been discharged from his employment, he does not allege that his discharge was based on any form of illegal discrimination (such as race, age, sex, or disability), nor does he allege that he filed and pursued any employment discrimination claim with any state or federal agency with the responsibility for investigating employment discrimination claims prior to filing this case.

　　　　Additionally, Plaintiff does not provide the Court with any specific information regarding the

---

[1] Plaintiff seeks to pursue this case without paying the $250.00 filing fee.  However, the information contained in his Application to Proceed (Entry 3) shows that he currently owns two relatively new motor vehicles, has significant funds in a 401K plan that may or may not be accessible, and has currently more than $250.00 in a checking and savings account.  Although Plaintiff denies being employed since January 2005 and denies that he received "any money from any of [the sources listed on the form]" during that time, he fails to explain how he has been able to live during the past year without other sources of income and still maintain funds in at least the three listed accounts that he acknowledges.  In sum, the information contained in Plaintiff's application appears to raise more questions about his true financial status than it answers.

amount of damages he seeks in this case, and his Application for *in form pauperis* (Entry 3) status is questionable. See supra note 1. Although he states that he wants his job back and that he wants to recover "lost wages, life and health insurance ...out of pocket medical and drug expense ...[and] penalties on 401K saving plan," Complaint, at 5, Plaintiff does not provide any type of alleged monetary value of those requests anywhere in his pleading.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).[2] Even under this less stringent standard, the Complaint filed

---

[2]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

2

in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

First, Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (AO Form 240), also known as an application to proceed *in forma pauperis*, does not show that he should be permitted to pursue this case without first paying the $250.00. As stated in footnote 1, although Plaintiff claims that he has been unemployed for over a full year and that he has had no other sources of income in the past twelve months such as "[r]ent payments, interest or dividends," or "[p]ensions, annuities or life insurance payments," or "[d]isability or workers compensation payments," or "[g]ifts or inheritances," he owns two motor vehicles, has more than the $250.00 filing fee amount in funds in two bank accounts, and retains a substantial amount ($30,000.00) in a 401K fund. Also, he does not claim to have any dependents. This information raises serious questions over the application to proceed without prepayment of fees.

A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *See* Adkins v. E. I. Du Pont de Nemours & Co., 335 U.S. 331, 337-44 (1948) (unanimous decision) (Black, J.). However, grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See* Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980). One district court has observed that the appropriate disposition of § 1915 applications is not always clear: " '[T]here are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all of the relevant facts and circumstances involved in each particular situation.' " Carter v. Telectron, Inc., 452 F. Supp. 939, 942 (S.D. Tex. 1976) (quoting Dreyer v. Jalet, 349 F. Supp. 452, 459 (S.D. Tex. 1972)).

In Carter, the district court, citing Adkins and cases in the Third and Fifth Circuits, set forth three legal tests that courts have used to evaluate *in forma pauperis* applications, in exercising their discretion under 28 U.S.C. § 1915(a):

3

    (1)    Is the litigant "barred from the Federal Courts by reason of his impecunity?"

    (2)    Is his "access to the courts blocked by the imposition of an undue hardship?"

    (3)    Is the litigant "forced to contribute his last dollar, or render himself destitute to prosecute his claim?"

452 F. Supp. at 943.

As has been noted many times, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North American Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972); *see also* Failor v. Califano, 79 F.R.D. 12, 13 (M.D. Pa. 1978); and Thomas v. Califano, 79 F.R.D. 14, 14-15 & n.2 (M.D. Pa. 1978).

Upon a review of all the information before the Court, and mindful of the tests set forth in Carter, it does not appear that Plaintiff would be barred from the federal courts because he simply does not have the money for the filing fee of $250.00, nor that paying that fee would effectively block his access to the courts by imposing on him an "undue hardship," nor that the fee would wring from him his last dollar or essentially render him destitute.  Hence, Plaintiff must " 'confront the initial dilemma which faces most other potential civil litigants:  Is the merit of the claim worth the cost of pursuing it?' "  Carter, 452 F. Supp. at 944 (quoting Carroll v. United States, 320 F. Supp. 581, 582 (S.D. Tex. 1970)).  As a result, the undersigned believes that Plaintiff's Application to Proceed *in forma pauperis* in this case should be denied.

Second, even if Plaintiff had paid the full filing fee or even if his financial information had been such that a grant of *in forma pauperis* status would be appropriate, this case would still be subject to summary dismissal without the issuance of process for Defendant because the Complaint does not sufficiently allege a viable claim within this Court's limited jurisdiction. In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation.  It is well settled that federal courts are courts of limited jurisdiction.

4

They possess only that power authorized by Constitution and statute, *see* Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *see* American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951).  It is to be presumed that a cause lies outside this limited jurisdiction, *see* Turner v. Bank of North America, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *see* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936).  The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332.  The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction.

There is no basis for a finding of diversity jurisdiction over this Complaint because Plaintiff's allegations are insufficient to show that the required dollar amount of damages are in controversy. The diversity statute, 28 U.S.C. § 1332(a), requires **complete** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332 (emphasis added).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side.  *See* Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16 (1978).

Although Plaintiff's allegations appear to show that there is diversity of citizenship between Plaintiff, a South Carolina resident, and Defendant, which has a North Carolina address, this Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because there is insufficient information provided from which it can be determined that Plaintiff seeks more than $75,000.00 in damages.  Unless BOTH requirements for diversity jurisdiction are met in a

particular case, there is no basis for this Court to consider any type of state-law based claim that might arguably be presented under Plaintiff's allegations.

Additionally, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. On its face, Plaintiff's Complaint appears to involve a more or less contractual employment dispute or an action for wrongful termination. Plaintiff thinks he was wrongfully discharged, but he does not claim that his discharge was the result of any form of illegal discrimination. Generally, such disputes are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See*, *e. g.*, Southern Glass & Plastics Co. v. Duke, --- S.E.2d ----, 2005 WL 3369203 (S.C. Ct. App., December 12, 2005); Ludwick v. This Minute of Carolina, Inc., 287 S.C. 219, 225, 337 S.E.2d 213, 216 (1985). As stated above, diversity jurisdiction is not available in this case, yetPlaintiff's allegations do not contain any reference to alleged violation of any federal statute or constitutional provision by Defendant, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint.

Plaintiff's Complaint does not allege that he was discriminated against due to his race. As a result, no federal question cause of action is stated under either 42 U.S.C. § 1981 or 42 U.S.C. § 1985. *See* Simmons v. Poe, 47 F.3d 1370 (4th Cir. 1995) (§ 1985); Murray v. Thistledown Racing Club, Inc., 770 F.2d 63 (6th Cir. 1985) (§ 1981). Furthermore, Plaintiff does not allege that he filed and pursued any sort of illegal discrimination claim with any state or federal agency charged with the consideration of such claims. As a result, it is clear that Plaintiff's Complaint fails to allege any viable federal question employment discrimination claim in this case pursuant to Title VII of the Civil Rights Act of 1964 (Title VII). Finally, Plaintiff does not claim any type of violation of his federal constitutional rights.

Title VII creates a federal cause of action for employment discrimination. *See* Davis v.

6

North Carolina Dep't of Corrections, 48 F.3d 134, 136-37 (4th Cir. 1995). A Title VII plaintiff must first exhaust administrative remedies before filing a claim in federal court. *See* Sloop v. Memorial Mission Hosp., Inc., 198 F.3d 147, 148 (4th Cir. 1999). A federal court can assume jurisdiction over a Title VII claim only after Plaintiff has complied with the various administrative procedures set forth in 42 U.S.C. § 20003-5(b). *See* Davis, 48 F.3d at 136-37. These procedures "include an investigation of the Complaint and a determination by the [Equal Employment Opportunity Commission (EEOC)] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." Id. at 137. The claim that is filed with the EEOC "defines the scope of [a plaintiff's] subsequent right to institute a civil suit." Smith v. First Union National Bank, 202 F.3d 234, 247 (4th Cir. 2000). Only claims "reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit.

When the state in which the alleged discrimination occurred has enacted a law "prohibiting the unlawful employment practice alleged" and "has establish[ed] or authoriz[ed] a State or local authority to grant or seek relief from such practice," proceedings must first be commenced under the state law before a charge may be filed with the EEOC. *See* Davis, 48 F.3d 137 (quoting § 2000e-5(c)). South Carolina has anti-discrimination laws similar to those of Title VII and a "deferral agency", the South Carolina Human Affairs Commission (SCHAC), with essentially the same powers as the EEOC. Accordingly, a claimant must first file her claim with such agency. *See* id. (under § 2000e-5(c), "commencement of proceedings under state law is a prerequisite to EEOC action where a state remedial scheme exists."). The purpose of this deferral procedure is to give the state agency a chance to resolve the claim and thereby possibly alleviate the need for the involvement of the federal agency or courts.[3] *See* id. at 136. Thus, Title VII provides that "a federal discrimination claim brought by a private party cannot be heard by a federal district

---

[3] The timely filing of a verified Complaint with the EEOC is another precondition to filing suit. In South Carolina and other deferral states, the Complaint must be filed with the EEOC by the earlier of 300 days from the last discriminatory act or 30 days from the termination of the state agency's proceeding.

7

court until the EEOC has conducted an investigation and determined the validity of the claim." Davis, 48 F.3d. at 138 (citing § 2000e-5(b)). The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claimant, "which letter is *essential* to initiation of a private Title VII suit in federal court." Id.

Plaintiff has not alleged in his Complaint that he filed a discrimination claim with either the EEOC or SCHAC, much less that he received either a right-to- sue letter or is entitled to a right-to-sue letter. This failure of pleading is fatal to any potential Title VII claim Plaintiff might have intended to raise because the Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's Complaint." Id. at 140. Where the Complaint does not allege that Plaintiff has complied with Title VII's prerequisites, "Plaintiff has not 'properly invoked the court's jurisdiction under Title VII'." Id. (quoting United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979)).

Moreover, Plaintiff's claims do not appear to be actionable under either 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See* Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961). Plaintiff does not cite to either 42 U.S.C. § 1983 or the Fourteenth Amendment in his Complaint, nor does claim that the Defendant, a private corporation, violated his constitutional rights or that its actions constituted "state action." Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, or discriminatory, is not actionable under § 1983 or the Fourteenth Amendment. Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct

imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. at 937; *see* United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of America, AFL-CIO, 941 F.2d 1292 (2d Cir.1991). There are no other potential claims that would fall under this Court's federal question jurisdiction evident from the allegations contained in the Complaint in this case.

## RECOMMENDATION

Accordingly, it is recommended that the District Court deny Plaintiff's Application to Proceed *in forma pauperis* and dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

                                            Respectfully submitted,

                                            s/Thomas E. Rogers, III

                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

January 18, 2006
Florence, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503
