IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Albert Pressley Wilson, | ) | C.A. No. 4:05-3597-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Progress Energy Service Co. LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff brought this *pro se* action against the Defendant, alleging wrongful termination from his employment with the Defendant. On December 28, 2005, the Plaintiff filed a motion for leave to proceed *in forma pauperis*. On January 18, 2006, United States Magistrate Judge Thomas Rogers, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), filed a Report and Recommendation ("the Report"). In his Report, Magistrate Judge Rogers recommends that the Plaintiff's complaint be dismissed without prejudice and without service of process, and that the Plaintiff's motion to proceed *in forma pauperis* be denied. On January 27, 2006, Plaintiff filed objections to the Magistrate's Report.

This Court is charged with reviewing the Magistrate's Report and the Plaintiff's objections thereto. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and

1

Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed, <u>de novo</u>, the Report and the objections thereto. As it pertains to dismissal of the Plaintiff's case, this Court chooses not to accept the Magistrate's Report. While the Report correctly and properly cites defects in the Plaintiff's complaint, these defects were sufficiently cured by the information and documents contained in the Plaintiff's objections. Obviously, the Magistrate Judge did not have the benefit of this information. However, as it pertains to denial of the Plaintiff's motion to proceed *in forma pauperis* this Court accepts the Magistrate's Report. The Plaintiff has not sufficiently proven that he falls within this limited category of litigant.

Therefore, it is hereby **ORDERED** that the Plaintiff's motion for leave to proceed in forma pauperis is **DENIED** (Doc. # 3), that the Magistrate Judge's Report is **ACCEPTED** in part (Doc. # 8), and that this case is **REMANDED** to the Magistrate Judge for proceedings in conformance with this Order.

**IT IS SO ORDERED.**

    S/ Terry L. Wooten
    **TERRY L. WOOTEN**
    **UNITED STATES DISTRICT JUDGE**

February 5, 2008
Florence, South Carolina