UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ALBERT PRESSLEY WILSON, | ) | Civil Action No.: 4:05-3597-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| CAROLINA POWER & LIGHT | ) | |
| COMPANY d/b/a PROGRESS | ) | |
| ENERGY CAROLINAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, asserts claims under the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA) and Title VII.  Presently before the Court is Defendant's Motion to Dismiss and to Strike (Document # 59).  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.  Because the pending motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the District Judge.

**II.     PROCEDURAL HISTORY**

Plaintiff filed this action on December 28, 2005, against Progress Energy Service Co., LLC (Progress Energy), along with a Motion for Leave to Proceed In Forma Pauperis.  In his original Complaint, Plaintiff asserted that he was wrongfully discharged. The case came before the undersigned pursuant to 28 U.S.C. § 1915(e)(2)(B) for a pre-service review.  A Report and Recommendation (Document # 8) was issued on January 18, 2006, in which the undersigned recommended that the case be dismissed for lack of diversity jurisdiction and failure to present a

federal question. On January 27, 2006, Plaintiff filed an Objection (Document # 11) to the Report and Recommendation and attached a copy his Charge of Discrimination, dated June 2, 2005, in which he asserts claims under Title VII, the ADEA, and the ADA, a copy of a letter Plaintiff received from the South Carolina Human Affairs Commission (SCHAC), dated June 9, 2005, and a copy of the Right to Sue letter from the Equal Employment Opportunity Commission (EEOC), dated December 8, 2005.

On February 6, 2008, the district judge entered an Order (Document # 12) declining to adopt the Report and Recommendation based on the additional documents submitted by Plaintiff with his Objection. Thereafter, on February 8, 2008, the undersigned issued an Order (Document # 16) authorizing service of process. Progress Energy was served February 29, 2008.

Progress Energy filed a Motion to Dismiss or for a More Definite Statement (Document # 31), in which it asserted that Plaintiff's original Complaint failed to state a claim upon which relief could be granted under either state law or federal law and that Plaintiff had named the wrong defendant. Thereafter, Plaintiff filed a Motion to Amend his Complaint (Document # 39) to change the Defendant to Carolina Power and Light Company d/b/a Progress Energy Carolinas, Inc. (CP&L) and to add causes of action pursuant to the ADEA, the ADA, and Title VII. A Consent Order (Document # 49) was filed on August 22, 2008, granting the Motion to Amend and finding as moot the motion to dismiss.

Defendant filed the present Motion to Dismiss and to Strike (Document # 59) on September 23, 2008.

### III.   FACTUAL ALLEGATIONS

Plaintiff was employed by Defendant from September 9, 1977, until January 10, 2005. Amended Comp. ¶ 7. During the last year of his employment, Plaintiff held the position of first-class

electrician. Id. at ¶ 8. Plaintiff suffers from severe degenerative joint disease in both of his knees. Id. at ¶ 12.

In 2003, Plaintiff applied for a position as a "substation electrician." Id. Plaintiff asserts that, though qualified and experienced, he was not selected, and a white male with no experience was placed in the position. Id.

In 2004, Plaintiff applied for a "field service representative" position. Id. Plaintiff asserts that, though qualified, he was not selected and a younger white male was placed in that position. Id.

On September 19, 2004, a portion of Plaintiff's work crew went out of town for storm duty. Id. Plaintiff and two Native-American crew members, all of whom were over the age of 50, were left behind. Id. When Plaintiff asked why he had been denied the opportunity for overtime, he was told the work was too difficult. Id.

On other occasions, when Plaintiff reported to work at storm restoration sites, he and other crew members over the age of 50 were assigned flagging duties (which Plaintiff contends is demeaning) while younger, less-experienced, white employees were assigned linework duties. Id.

In December of 2004, Plaintiff submitted to a drug test, which resulted in a positive reading. Id. The positive reading resulted from Plaintiff's use of Robitussin Dac for bronchitis, which was prescribed to his wife and had been prescribed to Plaintiff in the past. Id. Plaintiff attached to his Motion to Amend a letter from Dr. James S. Gardner, dated December 27, 2004, in which Dr. Gardner states he has no problem with Plaintiff taking his wife's cough syrup because he has been prescribed the same medication in the past. Plaintiff's employment was terminated on January 10, 2005. Id. He was replaced by a younger, white male who had no apparent disabilities. Id.

## IV.    STANDARD OF REVIEW

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. at 9. Even under this less stringent standard, however, the pro se Complaint is still subject to dismissal. Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## V.    DISCUSSION

A.    Motion to Dismiss

Defendant argues that Plaintiff's claims are time-barred. Any lawsuit based on claims set forth in a charge of discrimination must be filed within 90 days after a right to sue letter is received

by the charging party.  See 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA); 29 U.S.C. § 626(e) (ADEA).

In this case, the right to sue letter was issued December 8, 2005.  Plaintiff filed his original Complaint on December 28, 2005.  The original Complaint included no allegations of age, disability, or race discrimination.  The original Complaint alleges only that it was unfair that he lost his job for failing the drug test because he was taking medication, Robitussin DAC, that had been prescribed to him before, and his physician had no problem with him taking a dose of his wife's prescription. Indeed, the undersigned originally recommended dismissal before service of the Complaint because of Plaintiff's failure to allege any type of discrimination.  However, Plaintiff attached to his Objection copies of documents filed with the EEOC and the SCHAC, which did include allegations of age, disability, and race discrimination.  Accordingly, the district judge declined to adopt the recommendation and the undersigned subsequently ordered that service be made on Defendant.

Once Progress Energy was served, it filed a Motion to Dismiss or for More Definite Statement in lieu of filing an answer.  In the Motion, Progress Energy argued that Plaintiff failed to allege a claim for which relief could be granted and named the wrong Defendant.  In response, Plaintiff filed a Motion to Amend his Complaint, to change the Defendant to CP&L, to allege that the termination he asserted in his original Complaint was based on race, age and disability discrimination, and to assert new claims of discrimination. Progress Energy consented to the Motion to Amend and withdrew its Motion to Dismiss.

The Motion to Amend was filed May 1, 2008, and Defendant CP&L argues that because Plaintiff first asserted his discrimination claims well over 90 days after he received his Right to Sue letter, his claims are time-barred unless they relate back to the date the original Complaint was filed. Under Rule 15(c)(3), an amendment to a complaint changing a defendant or naming a new defendant

-5-

will relate back to the date the plaintiff filed the original complaint if the requirements set forth in the rule are met. Rule 15(c) provides in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when
> ...
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment
>
> (A) has received notice of institution of the action that the party will not be prejudiced in maintaining the defense on the merits, and
>
> (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c).

In the present case, some of the claims asserted in the amended Complaint arose out of the conduct, transaction, or occurrence set forth in the claims found by the district judge to be alleged by Plaintiff. Plaintiff's claims of race, age, and disability discrimination surrounding his termination set forth in his amended Complaint arise out of the same claims that the district judge determined gave this court jurisdiction over this case. However, the remaining claims in the amended Complaint, i.e., those relating to the failure to promote Plaintiff, the failure to allow Plaintiff to participate in overtime work, and the assignment of demeaning tasks, cannot be said to arise out of those original claims. For new claims to arise out of the same conduct, transaction, or occurrence as those set forth in the original Complaint, they must be the same in both "time and type." Mayle v. Felix, 545 U.S. 644, 657-65 (2005). Plaintiff's remaining claims are not the same in either time

nor type. Thus, those claims do not relate back to the filing of the original Complaint and are accordingly, time-barred.

It is necessary to continue with the Rule 15(c)(3) analysis to determine whether the discrimination claims arising out of Plaintiff's termination relate back to his original Complaint. Defendant CP&L did not receive notice of the action within the time period set forth in Rule 4(m), Fed.R.Civ.P.: "Permitting Plaintiff to pursue claims with which CP&L and its affiliate were first served nearly two years after the expiration of both the applicable service period (120 after the initial complaint was filed) and limitation period (90 days after receipt of the Right-to-Sue letter) clearly would prejudice CP&L in its defense of these stale claims." Memo. in Support of Def. Motion to Dismiss at p. 6.

Rule 4(m), Fed.R.Civ.P. requires a Plaintiff to serve Defendants within 120 days of the filing of the Complaint. However, in the present case, because Plaintiff moved for In Forma Puaperis Status, pursuant to 28 U.S.C. § 1915(e)(2)(B), a preservice review was conducted and a Report and Recommendation was entered on January 18, 2006, recommending that the case be dismissed. An Order was entered the same day directing the Office of the Clerk of Court not to authorize service of process unless instructed to do so. The district judge declined to adopt the Report and Recommendation recommending dismissal and filed an Order directing that the case be recommitted to the undersigned on February 6, 2008. The undersigned subsequently issued an Order authorizing service of process on February 8, 2008.

It was through no fault of Plaintiff that the Complaint was not served within the time limit set forth in Rule 4(m) and this court should not penalize Plaintiff by dismissing as time-barred claims that clearly relate to the allegations raised in the original Complaint. Defendant CP&L does not argue that it did not know that, but for Plaintiff's mistake concerning the identity of the proper party,

the action would be brought against it. For these reasons, Plaintiff's claims in his amended Complaint that allege race, age, and disability discrimination as the reasons for his termination relate back to the original Complaint. The original Complaint was filed within 90 days of receipt of the Right-to-Sue letter. Thus, Plaintiff's claims arising out of his termination were timely filed.

The additional claims raised in the amended Complaint, however, do not arise out of the original claims. Thus, those claims do not relate back to the filing of the original Complaint and are accordingly, time-barred.[1]

B.     Motion to Strike

Defendant also moves to strike all references in Plaintiff's amended Complaint to determinations made by the Employment Security Commission (ESC). South Carolina law provides,

> Except as otherwise provided in Chapters 27 through 41 of this Title information obtained from any employing unit or individual pursuant to the administration of such chapters and determinations as to the benefit rights of any individual shall be held confidential and shall not be disclosed or be open to public inspection in any manner revealing the individual's or employing unit's identity.

S.C. Code Ann. § 41-29-160. Plaintiff's amended Complaint includes allegations concerning unemployment benefit determinations in the first full paragraph on page 6 and the first full paragraph on page 13.[2] In addition, Plaintiff attached copies of the benefit determination to his Response in

---

[1] Furthermore, the additional claims raised in the amended Complaint were not raised in the Charge of Discrimination, are not reasonably related to the original complaint, and could not be developed by reasonable investigation of the original complaint. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996). Thus, dismissal of these additional claims would be proper for failure to exhaust administrative remedies as well. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000).

[2] The paragraphs on pages 6 and 13 are exactly the same. It appears that Plaintiff repeated portions of his complaint under each cause of action. Page 20 of the amended Complaint is missing. However, a review of the entire amended Complaint reveals that this same paragraph is likely included on page 20 as well.

Opposition (Document # 38) to the first Motion to Dismiss and to his Motion to Amend his Complaint (Document # 39).

In response to Defendant's motion to strike these determinations, Plaintiff asks the court not to strike the letter from the ESC because he consents to the public disclosure. However, the statute clearly protects both the employee and the employer. It states, in pertinent part, that determinations "shall not be disclosed or be open to public inspection in any manner revealing <u>the individual's or employing unit's identity</u>." S.C. Code Ann. § 41-29-160 (emphasis added). Therefore, Plaintiff's consent to the disclosure cannot bind the employer. As such, the Motion to Strike should be granted.

## VI. CONCLUSION

In light of the above analysis, it is recommended that Defendant's Motion to Dismiss and Strike (Document # 59) be granted in part and denied in part. Specifically, it is recommended that the Motion be denied with respect to Plaintiff's claims in the amended Complaint for race, age, and disability discrimination as they relate to his termination and that the motion be granted with respect to all other claims raised in the amended Complaint and with respect to the motion to strike the references to ESC determinations.

                                                        s/Thomas E. Rogers, III
                                                        Thomas E. Rogers, III
                                                        United States Magistrate Judge

February 11, 2009
Florence, South Carolina

**The parties are directed to the important information on the attached notice.**