IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Albert Pressley Wilson, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.:4:05-03597-TLW-TER |
| Carolina Power & Light Company d/b/a Progress Energy Carolinas, Inc., | ) |
| Defendant. | ) |

# ORDER

On September 2, 2009, this Court entered an Order accepting Magistrate Judge Thomas E. Rogers, III's, Report and Recommendation, which granted the defendant's motions for summary judgment. (Doc. # 133). On September 14, 2009, the plaintiff filed a "Motion to Alter and Amend/or Reconsider the Order Dated August 17, 2009 and Judgment entered September 2, 2009" (Doc. # 136). A Response in Opposition was filed by the defendant on October 2, 2009. (Doc. # 137).

Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396,403 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of

unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

In light of these standards, the Court has carefully reviewed the plaintiff's motion and the defendant's response. The Court has carefully considered the arguments asserted in the parties' memoranda and reviewed the record in this case. After careful consideration of the relevant filings in this case, the Court concludes that there is no basis under Federal Rule of Civil Procedure 59(e) for this Court to modify its Order of September 2, 2009. (Doc. # 133). Therefore, the plaintiff's "Motion to Alter and Amend/or Reconsider the Order" is **DENIED**. (Doc. # 136).

**IT IS SO ORDERED**.

                                                                      s/Terry L. Wooten
                                                   United States District Judge

December 11, 2009
Florence, South Carolina